IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| VERNON W. WILSON, *Individually and Derivatively on Behalf of*, TRUCK CAPITAL LLC, UNIQUE CONSTRUCTION LLC, PREMIER COAST YACHT SALES LLC, CITY NATIONAL LLC, NFC PROPERTIES LLC | § § § § § § § § | PLAINTIFF |
| V. | § § | Civil No. 1:09CV361-HSO-JMR |
| LOUIS J. NORMAND, JR., *et al.* | § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO REMAND**

This cause comes before the Court upon Plaintiff's Motion to Remand [6] this case to the Chancery Court of Harrison County, Mississippi, First Judicial District. Defendants have filed a Response [9], and Plaintiff has filed a Reply [10]. The Court, having considered the pleadings on file, the briefs and arguments of the parties, and the relevant legal authorities, finds that Plaintiff's Motion to Remand should be denied, as the Complaint states a claim triggering the Court's federal question jurisdiction.

I. FACTS AND PROCEDURAL HISTORY

Plaintiff filed his Complaint [1-3] in the Chancery Court of Harrison County, Mississippi, First Judicial District, on May 15, 2009, alleging claims against Defendants, individually and derivatively on behalf of Truck Capital LLC, Unique Construction LLC, Premier Coast Yacht Sales LLC, City National LLC, and NFC Properties LLC. *See* Compl. Defendants removed the case to this Court on June 15,

2009. *See* Notice of Removal. Defendants invoked this Court's federal question jurisdiction. *See id.*

## II. DISCUSSION

A. Standard of Review

28 U.S.C. § 1441 provides for the removal of civil actions brought in a state court of which the district courts have original jurisdiction. *See* 28 U.S.C. § 1441. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over those matters specifically designated by the Constitution or Congress. *See Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1,* 665 F.2d 594, 595 (5th Cir. 1982). For this reason, removal statutes are subject to strict construction. *See Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Doubts about whether federal jurisdiction exists following removal must be resolved against a finding of jurisdiction. *See Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (*citing Willy*, 855 F.2d at 1164). The party or parties seeking removal, Defendants in this case, bear the burden of establishing federal jurisdiction over the state court suit. *See Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005); *Willy*, 855 F.2d at 1164.

B.  Plaintiff's Motion to Remand

1.  Federal Question Jurisdiction

The Notice of Removal asserts that this Court has federal question jurisdiction over this case pursuant to section 1331. *See* Notice of Removal, at p. 2. Specifically, Defendants maintain that Plaintiff's Complaint states claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ["FLSA"], and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* ["Title VII"], for sexual discrimination and retaliation. *See id.* at pp. 2-3.

In his Motion to Remand [6], Plaintiff states that he is not asserting a federal claim and will agree to amend the Complaint to eliminate any reference to FLSA or Title VII. *See* Mot., at p. 3; Aff. of Vernon Wilson, attached as Ex. "A" to Mot.; Aff. Of Michael G. Prestria, attached as Ex. "B" to Mot. Plaintiff argues that he is master of his Complaint, and that he is bringing only state law tort claims against his former employer for purported wrongful discharge. *See* Mot., at pp. 3-6. Plaintiff submits that merely referencing a federal statute is not sufficient to establish federal jurisdiction. *See* Mot., at pp. 3-4. Defendants counter that the Complaint is "chock full of federal claims," including purported violations of Title VII, FLSA, the Employee Retirement Income Security Act ["ERISA"], as well as

> the USA Patriot Act, the Consumer Credit Protection Act, the Truth in Lending Act, Federal Trade Commission rules, the Gramm Leach Bliley Privacy Act, 'federal law that requires businesses to display FTC Buyers Guides' and 'Spanish Buyers Guides,' OSHA guidelines, the Americans with Disabilities Act, EPA regulations, federal immigration laws, and federal drug laws.

Mem. in Opp'n to Mot., at p. 2 (*citing* Compl., at ¶¶ 37-72).

3

As the United States Supreme Court has explained, under 28 U.S.C. § 1331,

> [t]his so-called "arising under" or "federal question" jurisdiction has long been governed by the well-pleaded-complaint rule, which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). A federal question "is presented" when the complaint invokes federal law as the basis for relief. It does not suffice that the facts alleged in support of an asserted state-law claim would *also* support a federal claim. "The [well-pleaded-complaint] rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Ibid.*

*Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 13 (2003) (emphasis in original).

Plaintiff in this case clearly states a claim for violation of Title VII on the face of his well-pleaded Complaint. *See* Compl., at pp. 1-2, 18-21. Plaintiff alleges that Defendants maintained unlawful and discriminatory employment practices, and that they retaliated against him "in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et. seq. ('Title VII')...." Compl., at p. 1. He further asserts that

> Complainants [sic] discharge was in retaliation for the following:
>
> \* \* \*
>
> 3. REPORTING ILLEGAL DRUG AND SEXUAL DISCRIMINATION TO EMPLOYER.
>
> In July of 2008, Vernon W. Wilson was approached by an employee who waged complaints of sex and drugs on the premises by employees. This was confirmed by another employee. Vernon W. Wilson reported to Louis J. Normand Jr. that the employees involved should be terminated and that the company was allowing sexual discrimination and drugs to continue on the premises by taking no action. Louis J. Normand Jr. retaliated against Vernon W. Wilson for reporting this activity on the premises and complaining that there was not a drug testing policy in place.

4

Compl., at pp. 18-19.

>The United States Court of Appeals for the Fifth Circuit has stated that
>
>> [t]o state a claim for retaliation, a plaintiff must establish that: (1) he engaged in protected activity, as described in Title VII; (2) he suffered an adverse employment action; and (3) a causal nexus exists between the protected activity and the adverse employment action.

*Mota v. University of Texas Houston Health Science Center*, 261 F.3d 512, 519 (5th Cir. 2001).

One such protected activity is opposing an unlawful employment practice under Title VII. *See* 42 U.S.C. § 2000e-3(a). "The opposition clause [of Title VII] makes it 'unlawful ... for an employer to discriminate against any ... employe[e] ... because he has opposed any practice made ... unlawful ... by this subchapter." *Crawford v. Metropolitan Government of Nashville and Davidson County, Tennessee,* 129 S. Ct. 846, 850 (U.S. 2009) (*quoting* 42 U.S.C. § 2000e-3(a)). The Fifth Circuit has stated that "employee opposition to discriminatory employment practices directed against a fellow employee may constitute activity protected under § 704(a) [the anti-retaliation provision of Title VII]." *Jones v. Flagship Int'l*, 793 F.2d 714, 727 (5th Cir. 1986).

To satisfy this opposition requirement, a plaintiff need only show that he had a reasonable belief that the employer was engaged in unlawful employment practices. *See Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 348 (5th Cir. 2007). To constitute prohibited retaliation, an employment action must be "materially adverse," one that would "dissuade[ ] a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern and Santa Fe Ry.*

*Co. v. White*, 548 U.S. 53, 68 (2006). A plain reading of Plaintiff's Complaint demonstrates that Plaintiff relies on federal law and raises a claim of retaliation under Title VII, based on his reporting of purported sexual discrimination. *See* Compl., at pp. 18-19. Defendants' removal to this Court was proper on this ground. *See* 28 U.S.C. §§ 1331, 1441(a).[1]

Plaintiff states that he will agree to amend the Complaint to eliminate any reference to FLSA or Title VII. See Mot., at p. 3. Assuming for the sake of argument that there are no other federal claims presented on the face of Plaintiff's Complaint, which Defendants dispute, Plaintiff has not filed a formal motion requesting leave to amend his Complaint, or dismissing any federal claims asserted therein. *See* 28 U.S.C. § 1367 (giving discretion to court to exercise supplemental jurisdiction over remaining state law claims after all claims over which it has original jurisdiction are dismissed); *see also* UNIFORM LOCAL RULE 7.1 (requiring that application for relief be presented by a motion in the form prescribed by this Rule).

2. Removal Procedure

Plaintiff also contends that there was a procedural defect in removal, in that not all Defendants consented to removal. *See* Mot. to Remand, at p. 2. Because he objected to this purported procedural defect within 30 days of removal, Plaintiff

---

[1] Defendants assert other grounds upon which this Court should exercise federal question jurisdiction over Plaintiff's claims. Because the Court has determined that Plaintiff has stated a claim under Title VII, it need not address the other statutory bases for federal question jurisdiction argued by Defendants at this time.

6

maintains that remand is required for failure to comply with the rule of unanimity among Defendants. *See id.* at p. 6. Defendants counter that their counsel, who signed the Notice of Removal on their behalf, represents every Defendant in this case. Therefore, the rule of unanimity was satisfied. *See* Resp. at p. 19.

Defendants point out that the Notice of Removal lists every Defendant as noticing the removal, states collectively that "Defendants therefore remove this action...," and is signed by "ATTORNEYS FOR DEFENDANTS." Notice of Removal, at pp. 1-4. The Court is of the opinion that, because all Defendants removed this cause of action, which is evidenced by the signature of counsel for all Defendants, the rule of unanimity has been satisfied.

### III. CONCLUSION

For the reasons more fully stated herein, Plaintiff's Motion to Remand should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that Plaintiff's Motion to Remand [6] the above styled and numbered cause to state court should be, and is, hereby **DENIED**.

**SO ORDERED AND ADJUDGED,** this the 5th day of November, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE